FILED
ASHEVILLE, N. C.

FEB - 8 2006

U.S. DISTRICT COURT
W. DIST. OF N. C.

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>1) TERENCE HOWARD ROACH,<br>2) JOSHUA BRENT SQUIRREL,<br>   A.K.A. "CUBBY," and<br>3) MICHAEL EDWARD SLEE,<br>         Defendants. | DOCKET NO. 2:06CR4<br><br>**BILL OF INDICTMENT**<br><br>Violations:<br>  18 U.S.C. § 1111<br>  18 U.S.C. § 1201<br>  18 U.S.C. § 924(c) |

THE GRAND JURY CHARGES:

COUNT ONE

On or about the 13th day of January, 2006, in Swain County, within the special territorial jurisdiction of the United States, that being the Great Smoky Mountains National Park, and within the Western District of North Carolina, the defendant

TERENCE HOWARD ROACH

did unlawfully kill another human being with malice aforethought, and did so:

1. willfully, deliberately, maliciously, and with premeditation, and

2. in the perpetration and attempted perpetration of kidnapping,

all in violation of Title 18, United States Code, Section 1111.

COUNT TWO

On or about the 13th day of January, 2006, in Swain County, within the special territorial jurisdiction of the United States, that being the Great Smoky Mountains National Park, and within the Western District of North Carolina, the defendant

TERENCE HOWARD ROACH

did unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away another person, and did hold said person for ransom, reward, and otherwise, resulting in the death of said person,

Page 1 of 4

in violation of Title 18, United States Code, Section 1201(a)(2).

## COUNT THREE

On or about the 13th day of January, 2006, in Swain County, within the special territorial jurisdiction of the United States, that being the Great Smoky Mountains National Park, and within the Western District of North Carolina, the defendant

**TERENCE HOWARD ROACH**

during and in relation to a crime of violence, namely murder, for which he may be prosecuted in a court of the United States, did knowingly, willfully, and unlawfully use and carry a firearm, and, in the furtherance of such crime of violence, did possess said firearm, namely, a pistol, and in the course of such violation and through the use of such firearm, did cause the death of a person, such killing being a murder as defined in Title 18, United States Code, Section 1111, that is, the defendant did unlawfully kill another human being with malice aforethought, and did so willfully, deliberately, maliciously, and with premeditation, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 924(j)(1).

## COUNT FOUR

On or about the 13th day of January, 2006, and continuing through to on or about the 25th day of January, 2006, in Swain County, within the Western District of North Carolina, and elsewhere the defendant

**JOSHUA BRENT SQUIRREL**
**A.K.A. "CUBBY"**

knowing that an offense against the United States had been committed, that being murder, did intentionally receive, relieve, comfort and assist the offender in order to hinder and prevent his apprehension, trial and punishment, in violation of Title 18, United States Code, Sections 3 and 1111.

## COUNT FIVE

On or about the 13th day of January, 2006, and continuing through to on or about the 25th day of January, 2006, in Swain County, within the Western District of North Carolina, and elsewhere the defendant

## MICHAEL EDWARD SLEE

knowing that an offense against the United States had been committed, that being murder, did intentionally receive, relieve, comfort and assist the offender in order to hinder and prevent his apprehension, trial and punishment, in violation of Title 18, United States Code, Sections 3 and 1111.

## SPECIAL FINDINGS

The GRAND JURY makes the following Special Findings with regard to defendant TERENCE HOWARD ROACH:

1. The defendant intentionally killed the victim [18 U.S.C. § 3591(a)(2)(A)];
2. The defendant intentionally inflicted serious bodily injury that resulted in the death of the victim [18 U.S.C. § 3591(a)(2)(B)];
3. The defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act [18 U.S.C. § 3591(a)(2)(C)];
4. The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act [18 U.S.C. § 3591(a)(2)(D)];
5. The defendant was older than 18 years of age at the time of the commission of the

offenses [18 U.S.C. § 3591(a)];

6. The death, or injury resulting in death, occurred during the commission or attempted commission of, or during the immediate flight from the commission of, an offense under Title 18, United States Code, Section 1201 (kidnapping) [18 U.S.C. § 3592(c)(1)]; and

7. The victim was particularly vulnerable due to infirmity [18 U.S.C. § 3592(c)(11)].

A TRUE BILL



GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

_____
DON GAST
ASSISTANT UNITED STATES ATTORNEY