UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff, | ) Case No.: 2:06CR4<br>)<br>) |
| vs. | )<br>)<br>) |
| TERENCE HOWARD ROACH,<br>　　　　　Defendant | )<br>)<br>) |

**DEFENDANT'S OBJECTIONS TO THE MEMORANDUM AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

NOW COMES the defendant, by and through the undersigned counsel, and pursuant to 28 U.S.C. § 636 does hereby offer his objections to the Memorandum and Recommendation of the Magistrate Judge filed on May, 5, 2006, as follows:

**FINDINGS OF FACT**

The defendant hereby objects to the Court's Findings of Fact as follows:

1. That the Court concluded in a mere conclusory fashion on page 7 of the Memorandum, that the agent's made contact with the defendant outside of his home at 10:25 p.m. Agent Lando testified that when the officer's approached the house, that they noticed a person who could have been the defendant on the porch of the home. That this person apparently left the porch when he saw the law enforcement officers. At approximately that time, Agent Lando, driving Mr. Slee's vehicle, drove up into the driveway. The evidence presented at the hearing suggested that the defendant was either on the porch of his home, or within a few feet of his home at all times relevant herein.

**CONCLUSIONS OF LAW**

The defendant hereby objects to the Court's Conclusions of Law as follows:

2. The defendant contends that while the Court has cited *Payton v. New York*, 445 U.S. 573, 100 S. Ct. 1371, 63 L. Ed. 2d 639, (1980). in it's Memorandum, it has failed to conclude that *Payton* is dispositive of the issues in this case regarding the lawful seizure of the defendant[1]. The defendant contends that it is dispositive, and that under the rule of *Payton*, the defendant was unlawfully arrested without a warrant. The Court in *Payton* stated that: "It is a "Basic principle of Fourth Amendment Law" that searches and seizures inside a home without a warrant are presumptively unreasonable". *Id.* at 586. The Court later went on to hold that: "In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a showing of exigent circumstances", *Id*. at 590. Thus, the Fourth Amendment has required since that time that law enforcement obtain a warrant in order to arrest a defendant who is inside his home. See also *Kirk v. Louisiana*, 536 U.S. 635, 122 S. Ct. 2458, 153 L. Ed. 2d 599, (2002).

3. The Government has not argued at any time, either through Agent Lando's testimony or by argument of counsel, that exigent circumstances were present. The Government has repeatedly argued that the officer's possessed probable cause, and were therefore authorized by 18 U.S.C. § 3052 to arrest the defendant. However, to the extent that the Government's argument would allow the officers to arrest the defendant in his residence, 18 U.S.C. § 3052 is inconsistent with the holding of *Payton v. New York, supra*.

---

[1] Counsel for the defendant notes that while early on counsel has been of the belief that some type of constitutional violation is present on the facts of this case, it has been difficult to ferret out and even more difficult to articulate to the Court in a forceful and concise manner.

4. In this case, the evidence has plainly shown that law enforcement devised a plan to approach the defendant at his home[2] and to attempt to contact the defendant in a non-custodial setting[3]. Indeed, the plan consisted of having some officers approach via stealth and other officers drive the green Camaro of Mr. Slee, a friend of the defendant, in order to coax him out of the residence. This plan involves a substantial degree of subterfuge in order position officers at the home in such a way so that when the defendant was coaxed from his home, he would not be able to return thereto. The use of a vehicle familiar to the defendant is of no small consequence. There is no question after Agent Lando's testimony that the use of this vehicle was designed to trick the defendant into leaving his home so that law enforcement could make contact with him outside of the home[4].

5. It is apparent after *Payton* that the officer's under these facts could not have entered the defendant's home and arrested him without a warrant. The only remaining question is whether the defendant was within his "home" for the purposes of the Fourth Amendment[5].

6. The defendant contends that since he was actually in his home when the law enforcement officer's arrived, that he would have remained within his home but for the actions of the agents. The trickery and deception employed by the officers should

---

[2] See page 6, bottom paragraph of the Memorandum and Recommendations.

[3] The defendant contends that the agent's desire to interview him in a non-custodial setting was illustrative of some belief by the agent's that he would be more willing to speak to them as opposed to a custodial setting where the defendant would have been implicitly apprised that the agent's had some degree of evidence against him.

[4] Agent Lando indicated that this was done for the purpose of protecting both the officers and the defendant, however, certainly the Constitution does not require a defendant to discard the sanctity of his home just so that he is safer when the police come to arrest him. This argument is disingenuous. The real reason for the subterfuge was to make the process easier on the officers and perhaps, to circumvent the warrant requirement.

[5] The defendant contends that the Court engaged in no meaningful analysis of whether the defendant was in his "home" within the meaning of the Fourth Amendment. As noted in the factual objections, the Court merely concluded that the officer's made contact with him outside his home.

not allow them to avail themselves of the rule from *United States v. Watson*, 423 U.S. 411, 96 S. Ct. 820, 46 L. Ed. 2d 598 (1976), (holding that federal agents may make a warrantless arrest of a suspect upon probable cause in a public place). Assuming *arguendo* that the defendant was in a public place, he was there as a direct result and consequence of the agents actions, which were intentionally deceptive. The defendant contends that the Constitution does not permit the officer's to circumvent the Fourth Amendment requirements crystallized in *Payton* by using trickery and deception.

7. In the alternative, the defendant argues that even if the officers may be permitted to use trickery or deception to evade the warrant requirement, that the defendant was in his "home" within the meaning of the Fourth Amendment. As an initial matter, it is not disputed that the defendant was within several feet of his home at all relevant times. Further, it is not disputed that the defendant was on the private property adjacent to his residence; at no relevant time did he venture onto a public area or proceed onto the property of another person. The defendant asserts that either: 1) due to his physical proximity to his home he was within the curtilidge of said home or 2) that the rule of *Payton* necessarily includes the private property upon which his home is located.

8. Since both *Payton* and *Kirk v. Louisiana, supra,* cited herein involve the question of the entry into an apartment, the scope of the *Payton* rule is somewhat unclear. However, the general notion of *Payton* is that the sanctity of an individual's private residence and the desire to protect that sanctity requires that a warrant for arrest be obtained. There is no logical distinction to be drawn from the privacy interest and

sanctity of the "home" which would require a different rule to be applicable from the the structure constructed upon the land than the land itself. To contrast the two lead cases: *United States v. Watson*, *supra*, involved the "midday" arrest of the defendant in a public place, *Id*. at 418, n.6; *Payton* involved the entry into an apartment by law enforcement officers, with probable cause, to arrest the defendant. *Id*. at 577. The only meaningful distinction between the two cases is that the officers' in *Payton* proceeded to the defendant's home. Under any conception, it cannot be said that the defendant herein was in a public place in the same way as the defendant in *Watson*. The facts and circumstances of this case more closely resemble the facts of *Payton*, and thus require the same result.

9. That the defendant objects to all other conclusion of law not specifically enumerated herein.

### RECOMMENDATIONS

For the reasons cited above, the defendant respectfully objects to the recommendations contained within the Memorandum and Recommendations issued May 5, 2006.

Respectfully submitted this the 15th day of May, 2006.

DEVEREUX & BANZHOFF, PLLC

BY: s/Andrew B. Banzhoff
Andrew B. Banzhoff
Attorney for Defendant
N.C. Bar # 26432
The Jackson Building
22 South Pack Square, Suite 1100
Asheville, NC 28801
(828) 253-8857
abanzhoff@devereuxlaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have this the 15th day of May, 2006, served the foregoing document upon the United States Attorney in this matter by either placing same in a properly addressed, pre-postage paid envelope and depositing it in the United States Mail, by delivering the document to the opposing party's office and leaving same with a responsible employee therein, or by electronic delivery via the ECF document filing system via email to:

Don.Gast@usdoj.gov

                                                s/Andrew Banzhoff
                                                Andrew B. Banzhoff