UNITED STATES OF AMERICA

       V.

TERRENCE HOWARD ROACH,
           Defendant
_____/

### DEFENDANT'S BRIEF ON GOVERNMENT'S MOTION FOR RESTITUTION

NOW COMES the Defendant, TERRENCE HOWARD ROACH, by and through his undersigned counsel(s) of record, in response to the directive of this Court to submit a Brief citing legal authority for the payment of restitution to the victim's estate for the support of her minor child, and does offer unto the Court in support thereof the following:

**I.    THE PAYMENT OF RESTITUTION IS NOT PERMISSIBLE UNDER THE FACTS AND CIRCUMSTANCES OF THIS CASE.**

18 U.S.C. 3663A provides for the payment of restitution to victims of violent crimes. According to the statutory language of 18 U.S.C. 3666A(b)(2)(C), a victim is defined as:

> ("A person directly and proximately harmed as)
> (a result of the commission of an offense for  )
> (which restitution may be ordered..")         )

By any term of this definition, the only victim who was "directly and proximately harmed" by the conduct of the Defendant was the decedent, Tamara Seay. To be sure, Ms. Seay's child has indirectly suffered the loss of her parent and guardian, but that loss does not inherently qualify the minor child for restitution within the statutory language of the applicable statute. See <u>United States v. Wilcox</u>, 487 F.3d 1163 (8th Cir. 2007).

In short, because the victim's minor child was not directly and/or proximately harmed as a result of the Defendant's conduct, any extension of benefits to the minor child is simply not authorized by statute or supported by law.

**II. ANY CLAIM FOR RESTITUTION IS TOO SPECULATIVE
AND SPECIOUS TO BE SUPPORTED BY LAW**

Along with the provisions of 18 U.S.C. 3663A that permits the payment of restitution, any such determination for an award of restitution cannot be based on conjecture or speculation. See United States v. Cienfuegos, 462 F.3d 1130, 1168-9 (9th Circ. 2006). In the case at bar, there has been no definitive showing to a reasonable certainty of lost income and/or lost wages to the victim that would support an award of restitution that would not be based primarily on speculation or guesswork. Accordingly, the Government should not be entitled to recover any restitutive award unless and until it can be proven (presumably in a civil proceeding and not a criminal forum) by a preponderance of the evidence.

### III. GARNISHMENT OF THE DEFENDANT'S PER CAPITA INCOME IS NOT A REMEDY AT LAW IN THE INSTANT PROCEEDING

The Government's claim to seek a garnishment of Defendant Roach's assets via his per capita payment checks wholly fail to assert any jurisdictional claim over the Eastern Band of Cherokee Indians as the payer/garnishee of such income. See United States v. Roger Lynn Arch, 2006 US Lexis 72479 (WDNC 2006). It has been decided that before a Court can garnish per capita income checks for Native Americans, that same court must first assert jurisdiction over the applicable payer (being here, the Eastern Band of Cherokee Indians) as a garnishee. Moreover, while it is conceded that certain identical relief **may** be available through ancillary civil actions, the grant of such a remedy in the disposition of this criminal case is without legal authority or proper jurisdiction and should be denied.

### IV. ADDITIONAL ISSUES FOR CONSIDERATION WITHOUT ARGUMENT ARE AS FOLLOWS:

(A) The victim's children have received and will continue to receive their *own* per capita payments regardless of any order(s) from this Court, along with their pro rata share of the decedent/mother's distributive benefits for the rest of their natural lives.

(B) Any payment of monies in favor of the victim's minor children is little more than camouflaged "child support" that, according to the laws of this State, are due and payable only by a supporting spouse based upon a reasonable calculation of income not ordinarily taxable against this Defendant.

(C) That there remains a real issue as to whether the Defendant, Terrence Howard Roach, will continue to receive *any* per capita benefits following his conviction for a homicide on the Cherokee Indian Reservation with a sentence of life imprisonment without parole.

(D) That the proposed "garnishment" of the Defendant's per capita benefits absent a judicial hearing is tantamount to an unlawful taking of property [funds] without due process that is repugnant in the United States Constitution and without legal precedence.

WHEREFORE, through the arguments and authorities herein advanced above, the Defendant, Terrence Howard Roach, respectfully prays this Court to issue an Order denying the Government's request for restitution from the Defendant's per capita income in the case at bar.

THIS, the 21st day of September, 2007.

*Jack W. Stewart*
JACK W. STEWART
NC Bar #: 10053
Attorney for the Defendant
PO Box 1920
Asheville, NC 28802
Telephone: 1-828-253-5673
Facsimile: 1-828-253-7100
jackwstewart@charter.net

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that the foregoing document was served by way of ECF to the addressees shown below:

Don Gast
Assistant United States Attorney
don.gast@usdoj.gov

Dwayne Capps
United States Probation Officer
dwayne_capps@ncwp.uscourts.gov

Al Messer
Attorney at Law
al@messerlaw.com

Jim Siemens
Attorney at Law
jim@wnclaw.com

Andrew B. Banzhoff
Attorney at Law
abanzhoff@devereuxlaw.com

THIS, the 21st day of September, 2007.

*Jack W. Stewart*
JACK W. STEWART
Attorney for the Defendant