# IN THE UNITED STATES OF AMERICA
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>v.<br><br>TERENCE HOWARD ROACH,<br>　　　　Defendant.<br><br>and<br><br>EASTERN BAND OF CHEROKEE INDIANS,<br>　　　　Garnishee. | CASE NO. DNCW2:06CR4<br>(Financial Litigation Unit) |

## ORDER OF GARNISHMENT

**THIS MATTER** is before the Court on this Court's Writ of Continuing Garnishment, filed March 20, 2008, and the answer of the Eastern Band of Cherokee Indians (Tribe), as the Garnishee, filed April 29, 2008.

Based on events of January 2006, Defendant Terence Howard Roach pled guilty to first degree murder and using a firearm during a crime of violence. **Amended Judgment in a Criminal Case, filed January 22, 2008, at 1.** The undersigned sentenced Defendant to serve two consecutive terms of life imprisonment. *Id.* **at 2.** As part of the Judgment, Defendant was ordered to pay an assessment of $200.00 and restitution in the amount of $1,465,499.22. *Id.* **at 4.** The Government's application for writ of continuing garnishment indicates that Defendant has not paid any amount towards the total debt, and consequently, as of March 17, 2008, the balance stands at $1,465,699.22. **Amended Application for Writ of Continuing Garnishment, filed March 17, 2008, at 1.**

The Government now seeks to garnish Defendant's *per capita* distribution of gaming revenues received twice a year from the Tribe. *Id.* **at 1-2.** The Tribe has answered that it

"anticipates receiving future per capita distributions, amounts unknown, generally distributable in June and December of each year." **Answer of the Garnishee, filed April 29, 2008, at 1.**

The Tribe's Answer also notes that the Tribe is "a federally recognized sovereign Indian Nation." *Id.* Indian tribes have traditionally been considered sovereign nations which possess common law immunity from suit. *C & L Enters ., Inc. v. Citizen Band of Potawatomi Indian Tribe of Okla.*, 532 U.S. 411, 418 (2001). Congress may, however, abrogate that immunity if it does so unequivocally. *Id.* at 418; *N. States Power Co. v. Prairie Island Mdewakanton Sioux Indian Cmty.*, 991 F.2d 458, 462 (8th Cir. 1993) ("**Congress has the power to statutorily waive a tribe's sovereign immunity.**").

When Congress enacted the Federal Debt Collection Procedure Act (FDCPA) in 1990, it defined a "garnishee" as any person who has custody of any property in which the debtor has a substantial nonexempt interest, and it defined "person" as including an Indian tribe. **28 U.S.C. § 3002(7) & (10).** The FDCPA thus uses unequivocal language to waive the tribes' immunity. *United States v. Weddell*, 12 F. Supp. 2d 999, 1000 (D.S.D.1998) ("**The Court concludes that Congress unequivocally expressed a waiver of the Indian tribes' sovereign immunity in the clear and unambiguous language of the Federal Debt Collection Procedure Act.**"), *aff'd*, **187 F.3d 634 (8th Cir. 1999).**

As a result, the Tribe, as the Garnishee, must pay over to the federal government any property in which Defendant has a nonexempt interest. *Id.* That property includes a *per capita* distribution to tribal members of gaming revenues. *See In re Kedrowski*, **284 B.R. 439, 448-49 (Bankr. W.D. Wis. 2002) (holding that a debtor's right to receive tribal** *per capita* **distributions constitutes a property right).**

**IT IS, THEREFORE, ORDERED** that an Order of Garnishment is hereby **ENTERED** in the amount of $1,465,699.22, computed through March 17, 2008, which attaches to each *per capita* distribution of gaming revenues on account of Defendant.

Signed: July 9, 2008

Lacy H. Thornburg
United States District Judge